OPINION *Page 2 
{¶ 1} On October 17, 2006, appellee, Jeffrey Underwood, filed an application for appointment as guardian of appellant, Gloria Guill, an alleged incompetent. A hearing was held on May 23, 2007. By judgment entry filed same date, the trial court granted the guardianship of the person and issued letters of guardianship.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE GUARDIANSHIP APPLICATION, AS THE DECISION IS NOT SUPPORTED BY THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE AS REQUIRED TO MEET A CLEAR AND CONVINCING STANDARD."
 I {¶ 4} Appellant claims the trial court erred in finding she was incapable of taking proper care of herself and therefore a guardianship was necessary. We disagree.
 {¶ 5} R.C. 2111.02 governs appointment of guardian. Subsection (C)(3) states the trial court shall conduct a hearing on the appointment and "[i]f the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the burden of proving incompetency shall be by clear and convincing evidence."
 {¶ 6} "`Incompetent' means any person who is so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property or fails to provide for the person's family or other persons for *Page 3 
whom the person is charged by law to provide, or any person confined to a correctional institution within this state." R.C. 2111.01 (D).
 {¶ 7} Appellant does not contest that she has a mental illness, but argues the only evidence presented was that she was resistive to taking her prescribed medications. She argues the record does not support the finding that she was incapable of caring for herself.
 {¶ 8} Karen Nadolson, M.D., appellant's treating psychiatrist, testified appellant was non-compliant with her prescribed medicines and as a result, did bizarre things, was arrested, and argued with her current caregiver. T. at 26-27. In Dr. Nadolson's opinion, appellant's disorder substantially impaired her thoughts and moods. T. at 28. The doctor further opined appellant was unable to take care of herself:
 {¶ 9} "The last session that we had in November of 2007, her thoughts were tangential. They were not concrete. They were not based in reality. And I was hopeful then that — again, my concerns of the things that are public record that we would be able to obtain guardianship so that we can keep her safe and possibly get her on medications so that she can have a much better life and not do something that would intentionally harm herself or she would end up dead. I am very concerned with Gloria Guill." T. at 29.
 {¶ 10} Dr. Nadolson further opined that once off her medication, appellant deteriorated and she was unable to take care of her personal needs. T. at 32. At the time of the hearing, appellant was not present and presumably in Florida, and no one was taking care of her personal needs. T. at 35-36. *Page 4 
 {¶ 11} The trial court also had before it the expert evaluation report of psychiatrist Raju Reddy, M.D. and the investigators' report on guardianship. Dr. Reddy indicated appellant was unable to make decisions involved with daily living and was incapable of managing her own finances. Dr. Reddy indicated guardianship should be established. The investigators were opposed to guardianship. However, their recommendation was made when appellant was living in Mansfield, Ohio and was being supervised by her ex-husband.
 {¶ 12} Based upon the evidence presented by the two medical experts, we find the trial court's conclusions to be substantiated by clear and convincing evidence. The trial court did not err in ordering the guardianship of appellant.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Richland County, Ohio, Probate Division is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Delaney, J. concur. *Page 1 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, Probate Division is affirmed. *Page 1